UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BALBIR SINGH, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:19-cv-00961-KOB-JHE |
| MARK MORGAN, et al., | ) |
| Respondents. | ) |

**ORDER**

On June 24, 2019, the undersigned ordered the respondents to appear and show cause in writing why the habeas relief requested by the petitioner, a citizen of India, should not be granted. (Doc. 5). The respondents complied (doc. 9), and the petitioner thereafter filed a reply (doc. 13).

As noted by both the petitioner and the respondents, the petitioner currently has an appeal pending before the Eleventh Circuit, *Singh v. U.S. Attorney General,* No. 18-12915. That appeal, set for oral argument the week of December 2, 2019, arises from the denial of habeas relief in Case No. 4:17-cv-01793-RDP-JHE ("the earlier action"), and concerns the identical issues to those raised here: (1) Whether the petitioner is entitled to a bond hearing and/or release on bond due to the length of his detention, or whether the petitioner's prolonged detention is a product of his own failure to provide complete information to enable India to issue a travel document for him; and (2) whether any likelihood the petitioner's removal in the reasonably foreseeable future exists.

Because any decision by the Eleventh Circuit in the earlier action has the potential to be dispositive of the issues raised in this action,[1] the parties are **ORDERED** to **SHOW CAUSE**,

---

[1] Specifically, the Eleventh Circuit could find the denial of habeas relief in the earlier action to be in error and find the petitioner entitled to some form of relief. While the earlier action has no res judicata effect on this action, *see e.g., Lewis v. McElroy*, 294 F. App'x 637, 640 (2d Cir. 2008),

within fifteen (15) days of the entry date of this Order, why the current action should not be stayed pending a decision by the Eleventh Circuit Court of Appeals in the earlier action, No. 18-12915.

DONE this 8th day of October, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

the undersigned questions the impact of a ruling in the pending appeal on the instant litigation. Similarly, should this court grant relief while the appeal remains pending, that too could impact the pending appeal. Moreover, as noted by the Third Circuit,

> Given the indisputably time-sensitive nature of both the case and the underlying claim—for example, Alexander notes in his appellate submissions that his situation has not fundamentally changed since he filed his petition—adherence to formalism would defeat the goals of conserving judicial resources; ***we do not see the wisdom of compelling Alexander to file a new petition to address the conduct that has transpired since his previous one, while litigating both in parallel.*** Time also affects another dimension of the case, because Alexander's successful removal would almost certainly moot the claims he raises.

*Alexander v. Attorney General U.S.*, 495 F. App'x 274, 278 n.4 (3d Cir. 2012).