# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BALBIR SINGH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:17-cv-01793-RDP-JHE |
| ) | |
| **JEFF SESSIONS, et al.,** ) | |
| ) | |
| Respondents. ) | |

_____

| | |
|---|---|
| **BALBIR SINGH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 4:19-cv-00961-KOB-JHE |
| ) | |
| **MARK MORGAN, et al.,** ) | |
| ) | |
| Respondents. ) | |

## ORDER

On October 23, 2017, Petitioner Balbir Singh ("Singh") filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241 as Case No. 4:17-cv-01793-RDP-JHE (*Singh I*), challenging his detention by ICE pending deportation and arguing he is entitled to release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). The court denied that petition on May 8, 2018, finding Petitioner had acted to prevent his own removal by failing to provide ICE with information necessary to process his application for travel documents. (*Singh I*, doc. 10). Singh appealed to the Eleventh Circuit. (*Singh I*, doc. 12).

While his appeal was pending, on June 21, 2019, Singh filed a second § 2241 habeas petition (this one with counsel) in Case No. 2:19-cv-00961-KOB-JHE ("*Singh II*"). *Singh II* presented the same legal challenge as *Singh I* but incorporated facts which were presented after

this court's decision in that case.  (*See Singh II* at doc. 1).  On December 6, 2019, after the petition was fully briefed, the Magistrate Judge to whom both *Singh* cases are referred set *Singh II* for a January 28, 2020 evidentiary hearing to resolve the parties' factual disputes.  (*Singh II* at doc. 17).

On December 23, 2019, in a published opinion, the Eleventh Circuit Court of Appeals reversed the denial of the petition in *Singh I* and ordered the case remanded for an evidentiary hearing to determine whether Singh had acted in bad faith to obstruct his own removal.  *Singh v. U.S. Attorney Gen.*, --- F.3d ----, 2019 WL 7042407 (11th Cir. Dec. 23, 2019).  However, as of this date, the Eleventh Circuit has not issued its mandate as of the date of this order.

The court may consolidate cases when they present common questions of law or fact.  FED. R. CIV. P. 42; *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995).  Here, Singh's legal claims are the same in both petitions.  Furthermore, even though the petition in *Singh II* includes factual issues not present in the petition in *Singh I*, the parties will necessarily rely on the same facts in both cases to support or undermine the legality of Singh's continued detention (i.e., facts that would demonstrate that Singh is or is not acting in bad faith).  In other words, the same evidence will be put forth as to both petitions.  Therefore, to avoid the potential for inconsistent dispositions and to promote judicial economy, it is **ORDERED** that the above-styled cases are consolidated for future proceedings.  The Clerk is **DIRECTED** to reopen *Singh I* upon the receipt of the Eleventh Circuit's mandate.  The parties are **ORDERED** to file any subsequent pleadings in *Singh I* and *Singh II* using the above caption.  The January 28, 2020 evidentiary hearing is **CANCELLED**, and the Magistrate Judge will set and hold a single evidentiary hearing in the consolidated cases once the Eleventh Circuit issues its mandate.  The Magistrate Judge will rule on Singh's pending request for an interpreter in *Singh II*, as well as any other pending motions in that case, once the mandate issues.

**DONE** and **ORDERED** this January 23, 2020.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE