# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**BALBIR SINGH,**

    **Petitioner,**

v.

**WILLIAM BARR, et al.,**

    **Respondents.**

Case No. 4:17-cv-01793-RDP-JHE

---

**BALBIR SINGH,**

    **Petitioner,**

v.

**MATTHEW ALBENCE, et al.,**
**Respondents.**

Case No. 4:19-cv-00961-RDP-JHE

## STIPULATED ORDER
## REGARDING CONFIDENTIAL INFORMATION

In the course of the limited discovery permitted in this case, the parties anticipate the production of information and documents containing confidential information. This information is contained within various agency records and databases, including some internal emails and individual alien files, some of which are already in the possession, custody, and control of Petitioner and Petitioner's counsel. The parties stipulate that the information

and documents produced in this case should be subject to entry of the following Confidentiality Order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, and other applicable laws and regulations.

WHEREFORE, at the request of counsel for Petitioner and counsel for Respondent(s) ("the parties"),

IT IS HEREBY ORDERED that in accordance with the terms of this Confidentiality Order, and for purposes of this litigation only, the parties may release to counsel for the opposing parties, and the Court in this case, information the parties deem confidential.  This Order applies to information, documents, tangible items, testimony and/or other material that, at the time of its production in discovery in this action, or thereafter, is designated as confidential by the producing party because the producing party has a good faith belief that the material: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; and (b) is personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, or would be exempt from public disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a, or the Freedom of Information Act, 5 U.S.C. § 552, or is protected from disclosure under federal or state law (including, but not limited to, information that may be protected by the law

enforcement privilege). Such disclosure is subject to the following conditions:

1. The parties agree that the terms of this Confidentiality Order will govern any passport file, any alien registration file, any law enforcement report, or any other discovery that contains confidential information, as well as any copies or summaries made therefrom, any information derived therefrom, and testimony about such information, including any information that has been previously produced in discovery or will be produced through any further discovery taken in this case, that is designated confidential as provided in Paragraph 3 below.

2. To the extent that any information to be provided by the parties contains information designated as confidential as identified in this Order, it shall be protected by this Confidentiality Order and may be used solely for the purposes of this litigation.

3. Counsel for the parties shall designate information as confidential by affixing the phrase "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY ORDER IN CASE NO. 19-CV-00961," or the following label, or the substantial equivalent of either, on them, on any copies thereof, or any cover sheets thereon:

CONFIDENTIAL:  SUBJECT TO CONFIDENTIALITY ORDER

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN *SINGH v. BARR* (19-CV-00961).  THIS INFORMATION SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE CONFIDENTIALITY ORDER.

This designation does not mean that all of the information on the page is in fact confidential, but that the page may contain confidential information that may require redaction or waiver before its use in an open proceeding.

4. To the extent information has already been produced in this case, the parties agree that those materials will be returned to the producing party or destroyed.  If the receiving party chooses to destroy the information provided, they shall provide counsel for the Designating Party with verification of destruction.  The producing party will promptly re-produce the information pursuant to this Confidentiality Order.

5. Any party or non-party may challenge a designation of confidentiality pursuant to this Confidentiality Order at any time. The Challenging Party shall initiate the dispute process pursuant to Judge England's standard procedures regarding discovery disputes, as set forth in his Initial Order Governing All Further Proceedings, *available at* https://www.alnd.uscourts.gov/sites/alnd/files/forms/JHE%20Initial%20Order_1.pdf. This shall include serving the Designating Party with a letter

identifying each designation in dispute, stating the Challenging Party's position with respect to each designation, and specifying the terms of the order to be sought. Counsel for the parties shall then confer in person in a good faith effort to resolve the dispute in whole or in part before requesting a conference with Magistrate Judge England if applicable. The burden of persuasion in any such challenge shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

      6.    Protected information may be disclosed only to the following persons and only to the extent necessary for the litigation of this action:

>A. Counsel for Petitioner, Petitioner, counsel for Respondent(s), Respondent(s), and any support staff and/or supervisors of such counsel assisting in this action;

>B. The Court and its personnel, including court reporters;

>C. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit

      testimony concerning the subject matter of information or records produced subject to this Confidentiality Order;

    D. Expert witnesses or consultants retained by Petitioner or Respondent(s);

    E. The author of the document or the original source of the information; and

    F. Any Court of Appeals and its personnel, in the event of an appeal.

7. All persons listed in Paragraph 5(A) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in Paragraph 5(B)-(F) above, any confidential information, except as provided in this Confidentiality Order.

8. All persons listed in Paragraphs 5(C) and (D) above, to whom identifying information is disclosed, shall first be required to read the terms of this Confidentiality Order and sign a copy of the Acknowledgement of Confidentiality Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for Petitioner or counsel for Respondent(s).

9. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document containing information covered by this Order under seal must comply with all applicable local rules and standing orders concerning filing documents under seal.

10. To the extent a party wants to use confidential information in a filing in any court without filing it under seal, the party must redact all confidential information, unless a written release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information. Petitioner may seek written consent authorizing the release of information from his family as it relates to their third-party information (Privacy Act Waiver). Disclosure of information related to a third-party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third-party. If a party is unsure regarding whether particular information is in fact confidential, the party should confer with the Designating party. The parties can arrive at other reasonable measures to protect confidentiality upon the agreement of both parties and the Court.

11. To the extent that confidential information is discussed in the course of a deposition, such information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the

deposition transcript shall be deemed confidential and/or redacted unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information. Disclosure of information related to a third-party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third-party. If a party is unsure regarding whether particular information is in fact confidential, the party should confer with the Designating party. The parties can arrive at other reasonable measures to protect confidentiality upon the agreement of both parties and the Court.

12. Inadvertent disclosure of any information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Confidentiality Order shall be held to have waived any rights by such inadvertent disclosure. Any information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this Confidentiality Order, shall be returned immediately to the appropriate party, and such information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or

information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. The parties will be responsible for collecting and destroying all documents and/or other information produced pursuant to this Confidentiality Order, as well as any copies thereof, within ninety days of the completion of this litigation, including any appeals. Attorneys for the Respondent(s) and Petitioner may maintain copies of any documents designated confidential in their case file for this case, and may maintain copies of any notes or summaries containing such confidential material in their case file for this case, but only under conditions that maintain the confidentiality of the documents and information in accordance with this Confidentiality Order.

15. Nothing in this agreement shall be construed as waiving any party's right to object to the assertion of any privilege, doctrine, or statute and/or moving to compel production of the information, records, or documents withheld pursuant to them. Nothing in this agreement shall be construed to limit the rights of any party to produce documents or other information that has been redacted to prevent disclosure of information protected by the law enforcement privilege, deliberative process privilege, confidential informant privilege, attorney-client privilege, work product doctrine, or any other applicable privilege or limitation on disclosure. Where documents or other

9

information has been redacted or withheld, counsel shall designate in writing the privilege and/or other basis for the redaction or withholding.

16. Nothing in this agreement constitutes a ruling upon any objection to the production of documents.

17. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own information or documents, with the exception of information produced by Respondent requiring a written waiver by Petitioner pursuant to applicable laws.

18. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

19. Any party may apply to this Court at any time, upon proper notice, for a modification of this Confidentiality Order with respect to the handling or designation of any document or for any other purpose.

20. This Order shall be binding upon any present and future party to the *SINGH V. BARR* (19-CV-00961) litigation.

21. This Order shall be effective and enforceable upon its signature by the Court.

22. This Order is not intended to resolve the question of whether confidential information may be referenced in an open hearing, or whether any hearing in this matter should be an open or closed proceeding.

DONE this 19th day of March, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**BALBIR SINGH,**

    **Petitioner,**

v.

**WILLIAM BARR, et al.,**

    **Respondents.**

Case No. 4:17-cv-01793-RDP-JHE

_____

**BALBIR SINGH,**

    **Petitioner,**

v.

**MATTHEW ALBENCE, et al.,**
**Respondents.**

Case No. 4:19-cv-00961-RDP-JHE

## CERTIFICATION

1. My name is _____.

2. I have read the Confidentiality Order entered in the above-captioned case, and a copy of it has been given to me. I understand the provisions of the Confidentiality Order, and I agree to comply with, and be bound by, its provisions. I also consent to the jurisdiction of the U.S. District Court for the Northern District of Alabama for purposes of enforcing this Confidentiality Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, _____, by
_____.

                                                          (Print Name)

                                          Signed _____